**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:21-cv-04053-TMC |
| | ) | |
| Sumter County Commissioner; Sheriff Anthony Dennis; Chief Gardner; Director Ray; Major Lumpkin; Swanson Services Corp.; and Trinity Services Group, | ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Demetrius Alexander Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action asserting Defendants violated his constitutional and due process rights by denying him visitation on weekends and holidays and by charging canteen prices that are higher than fair market value. *See* (ECF Nos. 1; 10); *see also* (ECF Nos. 2; 8). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. On January 14, 2022, the magistrate judge entered a proper form order notifying Plaintiff that his Complaint was subject to summary dismissal and providing him with twenty-one days to file an amended complaint curing the deficiencies identified in the proper form order. (ECF No. 7). Plaintiff filed his Amended Complaint on February 2, 2022. (ECF No. 10). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Defendants Swanson Services Corp. ("Swanson") and Trinity Services Group ("Trinity") (collectively, the "Corporate Defendants") and summarily dismiss the Amended Complaint with prejudice. (ECF No. 15). Plaintiff filed his objections to the Report on February 18, 2022, (ECF No. 17), and this matter is now ripe for review.

1

**BACKGROUND**

Plaintiff is a pretrial detainee currently being housed in the Kirkland Correctional Institution in Columbia, South Carolina. (ECF Nos. 10 at 5; 19). Plaintiff's Amended Complaint asserts that Defendants violated his Fourteenth Amendment equal protection and due process rights. (ECF No. 10 at 5). Specifically, Plaintiff alleges Defendants implemented an unconstitutional policy which states that visitation is a privilege, rather than a right, contrary to federal law and the South Carolina Minimum Standards for Local Detention Facilities (the "Minimum Standards"),[1] and that Defendants used this policy to deny Plaintiff weekend and holiday visits. *Id*. at 9–15. Plaintiff also alleges that Defendants have failed to comply with the Minimum Standards' requirement that "canteen/commissary prices <u>shall be</u> set so as not to exceed the fair market value for comparable products sold in the community where the facility is located." *Id*. at 16 (emphasis in original). Plaintiff asserts that Minimum Standards were established pursuant to and are controlled by the South Carolina Code. *See id*. at 11, 13, 15–16. Thus, Plaintiff argues that, because a liberty interest may arise from either the Due Process Clause or state law, he has a liberty interest in the visitation and canteen pricing requirements of the Minimum Standards which are established under state law and are, therefore, "statutory creation[s] of the State." *Id*. at 13; *see also id*. at 10–11, 12–13, 15–17, 19. Plaintiff seeks declaratory and injunctive relief as well as monetary damages. *Id*. at 25–26.

The Report sets forth the proper standards for reviewing *pro se* complaints and the liberal construction to be afforded such complaints. *See* (ECF No. 15 at 1–2). The magistrate judge also

---

[1] The Minimum Standards are a set of policies and instructions for South Carolina jails and correctional facilities, the statutory authority for which is found at South Carolina Code Ann. §§ 24-9-10 through 24-9-50, which are set forth in full at the beginning of the Minimum Standards. *See* S.C. ASSOC. OF COUNTIES, *Minimum Standards for Local Detention Facilities in South Carolina: Type II and/or IV Facility, City, County, or Regional Jail, and/or Combined Jail/Prison Camp*, at 1–4 (July 26, 2013), https://www.sccounties.org/sites/default/files/uploads/publications/sc-jail-standards-final.pdf (last visited May 18, 2022) [hereinafter *Minimum Standards*].

articulated the elements of a claim under 42 U.S.C. § 1983: "(1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation 'was committed by a person acting under color of state law.'" *Id*. at 3 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  As to Plaintiff's claims against the Corporate Defendants, the magistrate judge found that Swanson and Trinity "are not state actors and not individual persons" such that they are not subject to suit under § 1983.  *Id*. at 4.  The magistrate judge then provided a cursory analysis of Plaintiff's claims, concluding that "Plaintiff does not have a constitutional right to visitation[,]" and "[c]anteen access is also not a protected liberty interest."  *Id*. at 3, 4.  The magistrate judge did not address Plaintiff's argument that liberty interests may arise under state law and that the Minimum Standards give rise to such liberty interests.  *See generally id*.  The magistrate judge recommended the court dismiss Plaintiff's action with prejudice.  *Id*. at 5.

On February 18, 2022, Plaintiff filed objections to the magistrate judge's conclusion that he had failed to plead a violation of any protected liberty interest.  *See* (ECF No. 17).  The Plaintiff does not object, however, to the magistrate judge's conclusion that the Corporate Defendants are not subject to suit under § 1983.  *See id*.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not

3

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

As an initial matter, Plaintiff does not object to the magistrate judge's conclusion that the Corporate Defendants are not subject to suit under § 1983. Consequently, the court need only review that portion of the Report for clear error. *See Dunlap*, 288 F. Supp. 3d at 662. Having thoroughly reviewed the record and this portion of the Report and finding no clear error therein, the court agrees with the magistrate judge's conclusion and **DISMISSES** Defendants Swanson and Trinity from this action.

Turning to Plaintiff's objections, although Plaintiff repeats, almost verbatim in parts, the allegations and arguments of his Amended Complaint, the court agrees with Plaintiff that the Report did not fully address his claims. *See* (ECF No. 17). Specifically, Plaintiff repeats his assertion that liberty interests subject to due process are not limited strictly to constitutional rights but can also arise in state-created rights. *Id.* at 3–4, 5–7; *see also* (ECF No. 10 at 10–11, 12–13, 15–17, 19). In support of this argument, Plaintiff cites to *Meachum v. Fano*, 427 U.S. 215 (1976), *see* (ECF No. 17 at 3), in which the Supreme Court recognized that "[a] person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchstone of due process is protection of the individual against arbitrary action of government[.]" *Meachum*, 427 U.S. at 226. Plaintiff then relies on the Minimum Standards, *see* (ECF Nos. 10; 17). As Plaintiff laid out in his Amended Complaint and objections, the Minimum Standards list a number of definitions that apply throughout, including the definitions for "shall" which "is mandatory[,]" and "should" which "is expected practice[.]" *Minimum Standards* at 5; *see also* (ECF Nos. 10 at 11–12, 16; 17 at 4). The two standards on which Plaintiff bases his claims state as follows:

> **2031 Visiting**
>
> Each facility shall develop and implement an inmate visiting plan which shall include the following:

> (a) A minimum of one (1) hour per week of visitation per inmate shall be permitted. Restrictions on visitation should not be imposed unless such privileges have been suspended and/or restricted based on legitimate government interests related to the safe and secure operation of the facility; to prevent continued criminal activities; or other similar concerns.
> . . .
> (c) Special visiting hours and arrangements shall be made available for visitors who have transportation problems, who have handicaps, or who are working on regular visiting days.
>
> **2037 Inmate Canteen/Commissary**
>
> . . .
>
> (c) Canteen/commissary prices shall be set so as not to exceed the fair market value for comparable products sold in the community where the facility is located.

*Minimum Standards* at 47, 50; *see also* (ECF Nos. 10 at 12, 16; 17 at 4, 6). Plaintiff's claims that he has been denied visitation with his mother who works during regular visiting hours and that he is being charged more than fair market value for canteen items fall squarely within these provisions of the Minimum Standards.

In 2021 the Fourth Circuit Court of Appeals clarified the standard for establishing a liberty interest based on state policy such as the Minimum Standards. *See Desper v. Clarke*, 1 F.4th 236 (4th Cir. 2021). The Fourth Circuit explained,

> Desper seeks to locate a protected liberty interest in Operating Procedure 851.1 itself. To do so, however, he must show that the Operating Procedure creates an "objective expectation" in the liberty interest "in such a way that an inmate could reasonable expect to enforce it against prison officials." That objective expectation can be created by "substantive predicates" that "guide" or "limit" official discretion and that use "explicitly mandatory language" such that "a particular outcome must follow" if those predicates are satisfied. Moreover, if the regulation is shown to be sufficiently mandatory, Desper would also have to show that deviating from that procedure "imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life." Satisfying these requirements is a difficult task, and intentionally so.

*Id*. at 247 (internal citations omitted).  While Plaintiff does not cite to *Desper* directly, he repeatedly mentions the "explicitly mandatory" standard and appears to argue that the use of "shall" in the Visiting and Canteen provisions of the Minimum Standards creates an objective expectation in the "rights" established thereunder.  *See* (ECF Nos. 10; 17).

Accordingly, the court respectfully disagrees with the magistrate judge's conclusion that Plaintiff's Amended Complaint fails to state a claim for relief.  Liberally construing Plaintiff's *pro se* Amended Complaint, the court finds Plaintiff has set forth a plausible claim for relief that the Minimum Standards, authorized by state law and containing mandatory language, created liberty interests subject to the due process requirements of the Fourteenth Amendment in Plaintiff's ability to schedule holiday and weekend visitation and in his ability to buy items from the canteen for no more than fair market value, which interests Plaintiff argues have been violated by Defendants alleged actions.  The court, therefore, declines to adopt the magistrate judge's recommendation of dismissal and Plaintiff's objections are **SUSTAINED**.

## CONCLUSION

Having carefully and thoroughly reviewed the Report and the record in this case, the court agrees with the magistrate judge's conclusion that Defendants Swanson and Trinity should be dismissed and **ADOPTS** the Report **in part** as to that issue.  The court **SUSTAINS** Plaintiff's objections and **DECLINES TO ADOPT** the Report **in part** as to the magistrate judge's conclusion and recommendation that Plaintiff's remaining claims be dismissed with prejudice.  Accordingly, the court **REMANDS** this matter back to the magistrate judge for issuance and service of process on the remaining Defendants and for further pretrial handling.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 25, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.