UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Alexander Brown, #51104, | ) C/A No. 4:21-4053-TMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Sumter County Commissioner, | ) ORDER |
| Sheriff Anthony Dennis, Chief Gardner, | ) |
| Director Ray, Major Lumpkin, | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a former pretrial detainee and current state prisoner. A serve order as to all Defendants was entered on June 30, 2022, and summonses were issued. (ECF No. 33). The summons as to "Sumter County Commissioner" returned unexecuted. (ECF No. 36). The summonses as to other defendants were executed and attorneys have entered appearances. (ECF Nos. 35, 38). The Marshal's notation on the Form USM-285 indicated "Sumter County Commissioner" could not be served because "Sumter County Admin. Office cannot accept service because they do not have a 'Sumter County Commissioner.'" (ECF No. 36). The court ordered Plaintiff to provide further service information for Defendant Sumter County Commissioner on August 26, 2022. (ECF No. 42).

On September 12, 2022, Plaintiff responded only with the submission of a summons and a USM-285 for Gary Mixon, County Administrator. (ECF No. 45). The court ordered defendants to respond to the proposal of substituting Defendant Sumter County Commissioner with Gary Mixon, County Administrator. (ECF No. 51). Defendants objected to the party substitution, stating it was outside the scheduling order and it was unclear what claims Plaintiff was bringing against Mixon. (ECF No. 54).

The time under the scheduling order to amend the pleadings passed on September 19, 2022. Plaintiff's submission of the summons and USM-285 was within that time period, on September 12. However, Plaintiff has not filed a motion to amend and submission of service documents does not act as a motion to amend in and of itself. **If Plaintiff is attempting to name Gary Mixon as a party, Plaintiff must file a Motion to Amend the Complaint and attach to that Motion one complete PROPOSED Amended Complaint, within 14 days of the date of this order.** Plaintiff is put on notice if his Motion is granted, the Amended Complaint would wholly replace all other complaints filed in this action. An amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

IT IS SO ORDERED.

October 25, 2022
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge