IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:21-cv-4053-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sumter County Commissioner, Sheriff Anthony Dennis, Chief Gardner, Director Ray, and Major Lumpkin, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Demetrius Alexander Brown, a state prisoner litigant proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his prior arrest, incarceration, and criminal proceedings. (ECF No. 1; 2; 8). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 12, 2022, Plaintiff filed a proposed summons and USM-285 for Gary Mixon, Sumter County Administrator, who is not currently a party to this action. (ECF No. 45). On October 13, 2022, the magistrate judge issued a text order noting his intent to construe the service documents as a motion to substitute parties and/or to partially amend the Complaint to replace Sumter County Commissioner as a defendant with Mr. Mixon. (ECF No. 51). The magistrate judge granted Defendants ten (10) days in which to file a response or any objections to the court's intended construction of the service documents. *Id*. On October 21, 2022, Defendants filed their objections, noting that the deadline to add parties has expired and that Mr. Mixon, in his role as the Sumter County Administrator, is not a proper party to this case. (ECF No. 54).

1

Accordingly, on October 25, 2022, based on Defendants' objections, the magistrate judge entered an order directing Plaintiff to file a motion to amend his complaint, attaching a proposed amended complaint, within fourteen (14) days. (ECF No. 56). That same day, the magistrate judge also entered his Report and Recommendation ("Report"), recommending the court dismiss Defendant Sumter County Commissioner and that the action continue as to the remaining Defendants. (ECF No. 57). Plaintiff's response to the magistrate judge's order and any objections to the Report were both due on November 11, 2022, including the three-additional days permitted for filing by mail pursuant to Fed. R. Civ. P. 6(d). To date, the court has received no response from Plaintiff to either the order or the Report, and neither the order nor the Report have been returned to the court as undeliverable. Thus, Plaintiff is presumed to have received both documents.

However, on November 10, 2022, Plaintiff filed a reply (ECF No. 61) to Defendants' objections (ECF No. 54), in which Plaintiff indicated he had been transferred to a new facility and provided a new mailing/return address. Therefore, out of an abundance of caution, the court entered a text order on November 15, 2022, directing the Clerk of Court to resend a copy of the magistrate judge's order (ECF No. 56) and Report (ECF No. 57) to Plaintiff at his new mailing address. (ECF No. 65). The court granted Plaintiff seven (7) days from the date of the text order to file a motion to amend the complaint, attaching a proposed amended complaint, in accordance with the magistrate judge's order and to file any objections to the magistrate judge's Report. *See id*. The court further warned Plaintiff that no response filed after the seven-day deadline would be accepted absent a showing of extraordinary circumstances and that Plaintiff's failure to respond may result in sanctions or dismissal pursuant for Fed. R. Civ. P. 41(b) for failure to comply with court orders. *Id*. On November 15, 2022, the text order was mailed to Plaintiff at the address he

provided to the court, (ECF No. 66), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the court's order. Despite the additional time granted by the text order and the court's warnings therein, Plaintiff has failed to submit any response thereto or to the magistrate judge's order and Report, and the time in which to do so has expired.

As to the magistrate judge's order (ECF No. 56), because Plaintiff has failed to file an Amended Complaint within the time permitted, the court **DECLINES** to construe Plaintiff's proposed service documents for Mr. Mixon as a motion to substitute parties or to partially amend his Complaint. Mr. Mixon is not a named party to this action and, therefore, the Clerk's Office is directed to disregard Plaintiff's proposed service documents (ECF No. 45).

Turning to the Report, the magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

As noted above, Plaintiff has failed to file any objections to the Report. Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 57), which is incorporated herein by reference. Therefore, Defendant Sumter County Commissioner is **DISMISSED** from this action, and this matter is remanded to the magistrate judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 30, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.